### COLE et al. v. SEAMAN et al.

(Circuit Court of Appeals, Eighth Circuit. May 11, 1920.)

No. 5525.

Corporations ⬉558—Receivership by consent of corporation may not be vacated by stockholders.

Where a corporation, in its answer in a suit against it, by authority of its directors, whose good faith is not questioned, admitted its insolvency and consented to appointment of a receiver, stockholders are not entitled as of right to intervene for the purpose of overthrowing such action and securing a vacation of the receivership.

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit by John W. Seaman against Richard McCulloch and others. Charles B. Cole and another appeal from an order denying leave to intervene. Affirmed.

Ford W. Thompson, of St. Louis, Mo. (W. B. Thompson, of St. Louis, Mo., on the brief), for appellants.

William R. Gentry and Ephrim Caplan, both of St. Louis, Mo., for appellee Seaman.

Before HOOK and STONE, Circuit Judges, and LEWIS, District Judge.

STONE, Circuit Judge. This is an appeal from a denial of an application to intervene in the consolidated case of John W. Seaman v. Richard McCulloch et al. For a full statement of the pleadings and facts in the consolidated case, reference is made to the opinion on the appeal of Samuel W. Adler v. Seaman (also decided at this time) 266 Fed. 828. For the purposes of the present appeal, it is necessary to consider only a portion thereof, together with certain additional circumstances peculiar to this case.

Seaman filed his bill as a stockholder against certain officers and directors of the United Railways Company, alleging fraudulent diversion of corporate assets, and also wrongful acts and course of conduct of the directors and officers, resulting in arousing public encity, to the detriment of the company's business. He sought recovery of such wasted assets, the election of a new board of directors, and the submission to the stockholders, for adoption or rejection, of certain power contracts, alleged to have been fraudulently entered into by the directors. The bill also prayed a receiver, in the event that during the litigation the street railway system of the company should be threatened with dismemberment by creditors. This bill was filed

⬉For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

January 7, 1918, and followed by an amended and a supplemental bill and answers. February 15, 1919, complainant moved the appointment of a receiver, and two days later a master was appointed to take testimony and report upon the advisability of appointing such receiver. March 27, 1919, and April 1, 1919, certain bondholders of the company were permitted to intervene, and, inter alia, prayed a receiver in their intervening petitions. April 11, 1919, Samuel W. Adler, as a bondholder, filed a bill against the company and its predecessor, the St. Louis Transit Company, praying a receivership. The same day these two defendants answered, admitting the allegations of the Adler bill, and the Railways Company joined in the prayer for a receiver. The day following a receiver was appointed, who qualified and has since been in active possession and control of the assets and business of the company. April 24, 1919, in pursuance of motions filed by Seaman and the interveners, the Seaman and Adler cases were consolidated, on the basis of the Adler case being treated as an intervention in the Seaman suit. The same day a special master and general counsel for the receiver were appointed. May 22, 1919, these appellants, as pre-ferred stockholders, applied for leave to intervene in the consolidated cause. This application was submitted to the master, upon whose adverse report (filed November 26, 1919) the court denied the application, on December 4, 1919. From that order this appeal is brought.

The view we hold concerning the merits of this appeal makes unnecessary any consideration of a motion filed by Seaman to dismiss the appeal. The purpose of the intervention, as shown by the application and proposed answer and cross-bill filed therewith, was to vacate the receivership, on the ground that the company was in fact solvent at the time of the appointment of the receiver. In the answer of the company to the Adler bill it admitted its insolvency. This answer was authorized by the board of directors. There is no claim by appellants that the directors, in authorizing such answer, acted fraudulently or wrongfully, but merely that they did so without authority of the stockholders. No such authority is necessary. The directors were the duly authorized and acting governing body of the company for all of the stockholders, and their acts, honestly done, within the scope of their office, are binding upon the corporation and all of its stockholders. It is within the scope of their authority to judicially admit insolvency, and where, as here, no question of the good faith of that action is raised, stockholders cannot interfere and seek to overthrow that action. The evidence before the master is not preserved in the record brought here, and we have no hesitation in adopting the finding of the master that the interests of all stockholders are being adequately represented by parties already in court. In addition to the absence of right to intervene, it appears that the court acted wisely in exercising its discretion in refusing the intervention.

The order denying the application to intervene is affirmed.